JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
REEM BLAIK
Assistant United States Attorney
Nevada Bar No. 16386
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Reem.Blaik@usdoj.gov

*Attorneys for the Federal Defendant*
*Secretary of U.S. Department of Housing and Urban Development*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Red Rock Financial Services,<br><br>               Plaintiff,<br><br>       v.<br><br>John J. Russo, Administrator of the Estate of John Battista Russo; the Secretary of Housing and Urban Development; Nationstar Mortgage DBA Mr. Cooper; Wells Fargo Bank; Republic Services, a Nevada Corporation; and Does 1-100,<br><br>               Defendants. | Case No. 2:23-cv-01313-RFB-DJA<br><br><br>**Stipulated Discovery Plan and Scheduling Order**<br><br><br>**(Special Scheduling Review Requested)** |

Pursuant to the Court's Order (ECF No. 34), Rule 26(f) of the Federal Rules of Civil Procedure, and Local Rule 26-1, the Parties — Plaintiff Red Rock Financial Services ("Red Rock" or "Plaintiff"), by and through Steven B. Scow of King Scow Koch Durham LLC; Federal Defendant, the Secretary of the United States Department of Housing and Urban Development ("HUD" or "Federal Defendant"), by and through Assistant United States Attorney Reem Blaik; and John J. Russo, Special Administrator of the Estate of John Battista Russo, by and through R. Christopher Reade of Cory Reade Dows & Shafer ("Estate") (collectively the "Parties") — conducted a discovery-planning conference on **July 31, 2024**, and hereby submit their stipulated discovery plan and scheduling order

("DPSO") in this case (which arises from the foreclosure sale of real property, and the resulting probate proceedings).[1]

The Parties request three changes from the standard discovery schedule set forth in the Local Rules: (1) shortened time period to amend the pleadings (20 days from discovery cut-off date); (2) shortened time period to conduct discovery (60 days from the date of the discovery-planning conference); and (3) waiving the time period for expert disclosures. These requested changes and the accompanying reasons, as well as the proposed schedule, are set forth in more detail below.

The Parties anticipate that their initial, supplemental, and responsive production of materials will be in .pdf and/or paper formats. Such production may be served by electronic means. The Parties understand that Federal Defendant's productions of electronic files including .pdfs must typically be made via encrypted means, e.g., an encrypted disc, with password provided separately, or use of Federal Defendant's cloud-based file exchange portal, "USAfx." Should any technical difficulties arise with these encrypted means, counsel for the Parties will make good faith efforts to meet, confer, and resolve the difficulties.

Should this matter proceed to trial, the Parties' Counsel will discuss and address the presentation of electronic exhibits at trial in connection with the joint pretrial order, pretrial conference, and/or calendar call, as applicable and appropriate.

The Parties have considered resolution and alternative dispute resolution means, and the Parties may revisit these options as the case proceeds. The Parties have considered trial by a magistrate judge and the short trial program, and the Parties may revisit these as the case proceeds.

---

[1] Defendant Republic Services ("Republic Services") is represented by Drew J. Starbuck of Williams Starbuck. On July 18, 2024, Mr. Starbuck informed the Parties that Republic Services intended to disclaim its minimal interests in this matter. Republic Services also represented this to the Court through Mr. Reade. (ECF No. 34). As of the date of this filing, Republic Services has not formally disclaimed its interest the Court. Accordingly, the Parties attempted to involve Mr. Starbuck in this discovery-planning conference, following up with him via email and phone without receiving clear approval.

Concerning the Parties' above-listed requests for special scheduling, the Parties provide the following: First, the Parties do not intend on amending the pleadings in this case since this is an interpleader matter concerning the excess proceeds from a foreclosure sale; accordingly, all related claims have been pled, and all interested parties have been served. (ECF No. 34). Accordingly, the Parties stipulate to shortening the time to amend the pleadings in this case.

Second, the Parties do not intend on engaging in discovery in this case since the Parties either have the information they require to resolve this matter and/or can obtain such information from mandatory initial disclosures and/or public records. Moreover, the date the first defendant appeared in this matter exceeds 180 days, since this case was first removed from State to Federal Court on August 24, 2023 (ECF No. 1), then stayed from November 1, 2023, to April 26, 2024. (ECF Nos. 14, 19, 23). Accordingly, the Parties stipulate to shortening the discovery cut-off period, and to measuring this period from the date of the Parties' discovery-planning conference.

Third, the Parties do not intend on retaining experts in this case since the Parties either have the information they require to resolve this matter and/or can obtain such information from mandatory initial disclosures and/or public records. In other words, no expert opinions are anticipated to be needed in this case. Accordingly, the Parties stipulate to waiving expert disclosure deadlines.

Accounting for the requested changes, the Parties propose the following schedule for discovery and related events:

| Initial Disclosures | August 14, 2024 |
| --- | --- |
| Amendment of Pleadings | September 10, 2024 |
| Plaintiff's Expert Disclosure | None. Not applicable per above request. |
| Defendants' Expert Disclosure | None. Not applicable per above request. |
| Plaintiff's Rebuttal Expert Report(s) | None. Not applicable per above request. |

| Discovery Cut Off | September 30, 2024 |
| --- | --- |
| Dispositive Motions | November 11, 2024 |
| Joint Pretrial Order | December 11, 2024[2] |

Respectfully submitted this 2nd day of August 2024.

**IT IS SO STIPULATED.**

Dated: August 2, 2024                          Dated: August 2, 2024
**KING SCOW KOCH DURHAM LLC**        **UNITED STATES ATTORNEY**


  /s/ Steven B. Scow                              /s/ Reem Blaik
Steven B. Scow                                  Jason M. Frierson
Daniel G. Scow                                  Patrick A. Rose
11500 S. Eastern Ave., Suite 210                Reem Blaik
Henderson, Nevada 89052                         501 Las Vegas Blvd. South, Suite 1100
*Attorneys for Plaintiff*                       Las Vegas, Nevada 89101
                                                *Attorneys for Secretary of U.S. Housing and*
                                                *Urban Development*

                                                Dated: August 2, 2024
                                                **CORY READE DOWS & SHAFER**


                                                  /s/ R. Christopher Reade
                                                R. Christopher Reade
                                                1333 North Buffalo Drive, Suite 210
                                                Las Vegas, NV 89128
                                                *Attorneys for Special Administrator of the Estate*
                                                *of John Battista Russo*


**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** _____8/5/2024_____

---

[2] However, if dispositive motions are filed, the proposed joint pretrial order will be due thirty days after the rulings on such dispositive motions.

4