UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Red Rock Financial Services,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>John J. Russo, Administrator of the Estate of John Battista Russo; the Secretary of Housing and Urban Development; Nationstar Mortgage BDA Mr. Cooper; Wells Fargo Bank; Republic Services, a Nevada Corporation; and Does 1-100,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01313-RFB-DJA<br><br><br><br><br>**ORDER** |
| John J. Russo, Individually and as the Special Administrator of the Estate of John Battista Russo,<br><br>　　　　　Counter-Claimant,<br><br>　　v.<br><br>Red Rock Financial Services,<br><br>　　　　　Counter-Defendant. | |
| John J. Russo, Individually and as the Special Administrator of the Estate of John Battista Russo,<br><br>　　　　　Cross-Claimant,<br><br>　　v.<br><br>the Secretary of Housing and Urban Development; Republic Services, a Nevada Corporation,<br><br>　　　　　Cross-Defendants. | |

Before the Court are Defendant the Secretary of Housing and Urban Development's ("HUD") Motion to Dismiss (ECF No. 35); Cross-Claimant John J. Russo's Motion for Partial Summary Judgement (ECF No. 39); Plaintiff Red Rock Financial Services' ("RRFS") Motion for Attorney Fees (ECF No. 45); and Defendant HUD's Motion for Summary Judgement (ECF No. 48).

For the following reasons, Defendant HUD's Motion to Dismiss (ECF No. 35) is GRANTED; Cross-Claimant John J. Russo's Motion for Partial Summary Judgement (ECF No. 39) is DENIED; Plaintiff RRFS' Motion for Attorney Fees is GRANTED; and Defendant HUD's Motion for Summary Judgement is GRANTED.

## I. PROCEDURAL HISTORY

On August 24, 2023, this matter was removed from the Eighth Judicial District Court. ECF No. 1. On September 21, 2023, Plaintiff filed a certificate of interested parties. ECF No. 10. On October 16, 2023, Parties filed a stipulation to Stay the case. ECF No. 13. On November 1, 2023, the Court ordered the matter stayed for 120 days. ECF No. 14. On April 25, 2024, Parties filed a Stipulation to lift the stay. ECF No. 18. On April 26, 2024, the Court lifted the stay. ECF No. 19. On May 22, 2024, Defendant John J. Russo filed a counterclaim against Plaintiff RRFS, and a crossclaim against Defendant HUD. ECF No. 24. On June 7, 2024, RRFS filed a Motion to Dismiss Russo's counterclaim. ECF No. 28. On June 24, 2024, Russo responded to the Motion to Dismiss. ECF 31. RRFS replied on July 1, 2024. ECF No. 32.

On July 19, 2024, HUD filed the instant Motion to Dismiss Russo's crossclaim. ECF No. 35. Russo did not respond or oppose HUD's Motion to Dismiss. On August 19, 2024, Russo filed the instant Motion for Partial Summary Judgement. ECF No. 39. It was fully briefed. ECF Nos. 43-44).

On September 27, 2024, RRFS filed the instant Motion for Attorney Fees. ECF No. 45. It was fully briefed. (ECF Nos. 46, 47).

On November 12, 2024, HUD filed the instant Motion for Summary Judgement. ECF No. 48. It was fully briefed. ECF Nos. 49-50. On February 18, 2025, the Court held a Motion Hearing, and the instant Motions were taken under advisement. ECF No. 56.

The Court's Order on the pending Motions follows.

## II.     FACTUAL BACKGROUND

### A. Undisputed Facts

The Court finds the following facts to be undisputed.

Red Rock Financial Services ("RRFS") was contracted by the Sentosa Homeowners Association to collect debts for unpaid homeowners assessments owed to the Association for the property located at 1876 Stablegate Ave., Las Vegas, NV 89123, ("the Subject Property"). The Subject Property in this interpleader action was a member of the Sentosa Homeowners Association, a common interest community association organized pursuant to Chapter 116 of the Nevada Revised Statutes. On March 21, 2006, Eva Aida Russo and John Battista Russo executed and took out a reverse mortgage accompanied by an adjustable-rate home equity conversion deed of trust Wells Fargo Bank, creating the first Deed of Trust ("First Deed of Trust"). The First Deed of Trust was recorded with the Clark County Recorder as Book and Instrument No. 20060321-0003941. There was no preceding deed of trust or other lien on the subject property with higher priority than this First Deed of Trust.

On March 21, 2006, Eva Aida Russo and John Battista Russo executed and took out an adjustable-rate home equity conversion Deed of Trust for the benefit of HUD ("Second Deed of Trust") which was recorded for the subject property in coordination with the Wells Fargo Deed of Trust. The document was recorded with the Clark County Recorder as Book and Instrument No. 20060321-0003942.

On April 3, 2006, HUD re-recorded its Deed of Trust on the subject property with the Clark County Recorder as Book and Instrument No. 20060403:001467. This was not an additional loan and deed of trust; this document was a re-recording of the March 21, 2006 Second Deed of Trust, which maintained HUD's lien priority.

On September 27, 2017, Wells Fargo assigned its interest and role on the First Deed of Trust to Nationstar Mortgage LLC. On April 10, 2019, HUD was assigned interest in the First Deed of Trust from Nationstar Mortgage by a Corporate Assignment of Deed of Trust, at which time the First Deed of Trust became HUD-owned. As of April 10, 2019, the only liens and secured

interests in the subject property were the First Deed of Trust, which was and is HUD-owned property with priority going back to March 21, 2006, and the Second Deed of Trust which was and is HUD-owned property with priority going back to March 21, 2006.

On or about June 1, 2021, Plaintiff/-Counter-Defendant RRFS and the Sentosa HOA recorded a Notice of Delinquent Assessments Lien against the Subject Property. On July 12, 2021, RRFS and the Sentosa HOA also recorded a Notice of Default and Election to Sell against the Subject Property pursuant to the June 1, 2021, lien. On April 20, 2022, RRFS conducted a foreclosure sale of the Subject Property pursuant to the June 1, 2021, lien. The Subject Property's title was conveyed to non-party Saticoy Bay LLC in the amount of $216,000.

### B. Disputed Facts

The Court finds, as the Parties concede, that there is no genuine dispute of material fact in this case.

### III. LEGAL STANDARD

**1. Motion to Dismiss Under Fed R. Civ. P. 12(b)(1)**
**A. Motion to Dismiss Under Fed. R. Civ P. 12(b)(1) (Sovereign Immunity)**

Rule 12(b)(1)) authorizes a challenge based on lack of subject matter jurisdiction. A Rule jurisdictional attack may be facial or factual. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1038 (9th Cir. 2004). In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. Id. The burden of establishing the subject matter jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994).

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from lawsuits against them. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature. "Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Id. at 475.

**2. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

An initial pleading must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. APT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### A. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). "[W]here the party moving for summary judgment has had a full and fair

opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." Albino v. Baca, 747 F.3d 1162, 1176 (9th Cir. 2014). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. County of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

When considering cross-motions for summary judgement on the same claims, the Court "must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two, 249 F.3d 1132, 1134 (9th Cir. 2001); see also Tulalip Tribes of Wash. v. Washington, 783 F.3d 1151, 1156 (9th Cir. 2015) (the district court "rule[s] on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard."). (Both parties in each instance receive the benefit of all reasonable inferences. ACLU of Nev. v. City of Las Vegas, 333 F.3d 1092, 1097 (9th Cir. 2003).

### IV.   DISCUSSION

The Court now turns to the merits of the pending motions.

#### A.   Motion to Dismiss

Cross-Defendant HUD moves for this Court to dismiss the claims alleged by Cross-Claimant Russo. Russo's crossclaim alleges unjust enrichment against HUD. HUD argues that Russo's crossclaims fail for two reasons: (1) sovereign immunity; and (2) failure to state a claim upon which relief can be granted. Russo failed to respond to HUDs Motion to Dismiss.

##### i.   Sovereign Immunity

Cross-Defendant HUD asserts that as an agency of the United States federal government it is immune from the claims alleged by Cross-Claimant Russo. The Supreme Court has held that, "the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Hercules Inc. v. United States, 516 U.S. 417, 422. In this instance, the Government has not waived sovereign immunity granting the Court jurisdiction to entertain Russo's cross-claims against the

agency HUD.

Accordingly, the Court finds that the Secretary of Housing and Urban Development ("HUD") is immune from the claims raised in Russo's cross-claim and the Court therefore lacks jurisdiction over said claim.

### ii. Failure to State a Claim Upon Which Relief Can Be Granted

Because the Court does not have jurisdiction over Russo's Cross-Claim, the Court declines to determine whether Russo sufficiently states a claim for unjust enrichment.

### B. Motions for Summary Judgement

Russo argues for partial summary judgement in his favor regarding distribution of the excess proceeds. Russo Contends that summary judgement is appropriate because there are no questions of material fact such that judgement is appropriate as a matter of law. Russo contends that pursuant to Nevada Revised Statute ("NRS") 116.31164(8), HUD is not a subordinate lien holder qualified to receive excess proceeds. Additionally, Russo asserts that HUD's Deed of Trust survived the foreclosure sale because 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") insulated HUD's interest in the property during the foreclosure sale. HUD argues for summary judgement in its favor regarding distribution of the excess proceeds. HUD asserts that it is the only remaining subordinate claimant that has a lien on the Subject Property which entitles HUD to the excess proceeds. Furthermore, in response to Russo's Federal Foreclosure Bar arguments, HUD asserts that Russo lacks the prudential standing to assert HUD's rights.

The Court addresses these cross-Motions for Summary Judgement in tandem because both Parties agree that there are no questions of material fact and seek judgement as a matter of law regarding the distribution of the excess proceeds.

There is no dispute regarding HUD's ownership of the First Deed of Trust which had a priority lien interest in the Subject Property. There is no dispute that Russo is the "unit's owner" as defined by NRS 116.31164(8)(b). Russo argues that non-party Saticoy Bay LLC purchased the Subject Property subject to HUD's First Deed of Trust. HUD counters that RRFS' foreclosure of the HOA superpriority lien extinguished the first deed of trust under Nevada law.

The Ninth Circuit has held that the Federal Foreclosure Bar preempts Nevada's

superpriority lien law. Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC, 893 F.3d 1136, 1146 (9th Cir. 2018). (quoting Berezovsky v. Moniz, 869 F.3d 930-31 (9th Cir. 2017)). The Federal Foreclosure Bar provides that "[n]o property or the Agency shall be subject to ,,, foreclosure ... without the consent of the Agency." Id. The Federal Foreclosure Bar does not require the Agency actively resist foreclosure. Instead, the statutory language provides Agency property with protection unless or until the Agency affirmatively relinquishes it. Berezovsky v. Moniz, 869 F.3d 923, 929 (9th Cir. 2017).

In this instance, the Court finds that HUD has affirmatively relinquished the protection provided by Federal Foreclosure Bar. HUD has moved the Court to grant the Agency summary judgement in an action in which it permitted it's First Deed of Trust to be extinguished in a HOA foreclosure sale. Thus, HUD has waived the Federal Foreclosure Bar protection and subjected itself to Nevada law.

Under Nevada law, proceeds of a foreclosure sale shall be applied in the following order for the following purposes: (1) The reasonable expenses of the sale; (2) The reasonable expenses of securing possession before the sale, holding, maintaining, and preparing the unit for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, and, to the extent provided for by the declaration, reasonable attorney's fees and other legal expenses incurred by the association; (3) Satisfaction of the association's lien; (4) Satisfaction in the order of priority of any subordinate claim of record; and  (5) Remittance of any excess to the unit's owner. N.R.S. § 116.31165(8)(b). Nevada law further provides that up to nine months of unpaid Homeowners' Association ("HOA") dues constitute a superpriority lien on a property, taking priority over other interests while any other HOA debt remains junior. N.R.S. § 116.3116(3)(b). When an HOA forecloses on a superpriority lien, the foreclosure extinguishes all junior liens. Deutsche Bank Trust Co. Ams. as Tr. Rail 2006QA5 v. SFR Invs. Pool 1, LLC, 551 P.3d 837, 842.

First, the Court determines whether HUD's First Deed of Trust was extinguished in the HOA's foreclosure. The Nevada Supreme Court has held that when an HOA forecloses on its superpriority lien, junior liens are extinguished. Id. Likewise, a superpriority lien of a

homeowners' association under NRS 116.3116 is a true priority lien such that its foreclosure extinguishes a prior-recorded deed of trust on the property. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A., 334 P.3d 408 (Nev. 2014). Accordingly, the Court finds that when Sentosa Homeowners Association foreclosed on its superpriority lien, the HUD-owned First Deed of Trust was extinguished.

Next, the Court determines distribution of the excess proceeds under Nevada law. In this instance, before commencing the interpleader action, RRFS distributed the proceeds of the foreclosure sale in compliance with factors 1-3 of NRS 116.31164(8)(b). Therefore, the Court must determine the distribution of the excess proceeds according to the remaining factors 4 and 5. These factors require that after excess proceeds have been distributed according to the first three factors, they must be distributed in the order of priority of any subordinate claim of record, then distributed in remittance of any excess to the unit's owner. NRS 116.31164(8)(b). Thus, the Court finds that the excess proceeds at issue in this action shall be distributed first to HUD as the holder of a subordinate claim of record, then to Russo as the unit's owner. Id.

Accordingly, the Court grants HUD's Motion for Summary Judgement, and denies Russo's Motion for Partial Summary Judgement.

**B. Motion for Attorney Fees**

RRFS is a debt collection company that works exclusively on behalf of HOAs to collect debts secured by real property, including delinquent homeowners' assessments. RRFS seeks attorney's fees as compensation for their work in pursuing this action.

The Nevada Supreme Court has held that when determining attorney's fees the following elements should be considered: (1) the qualities of the advocate: their ability, training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived. Brunzell v. Golden Gate Nat'l Bank, 85 Nev. 345, 349. In Saticoy Bay, LLC v. Thornburg Mortg. Sec. Trust, the Nevada Supreme Court

held that the district court properly applied NRS 116.31164(8)(b) when the court awarded Red Rock Financial Services a portion of the excess proceeds in attorney fees and costs pursuant to subsection (8)(b). 2007-3, 510 P.3d 139, 145-146

The Court applies the aforementioned elements in making its determination on RRFS' Motion for Attorney's Fees. First, RRFS' lead counsel in this action is a licensed attorney in both Nevada and California. Additionally, he has a master's degree in accounting and has owned and operated a law firm for 17 years. The associate attorney who also worked on this matter is a licensed attorney in both Nevada and Washington. Additionally, he has a master's degree in accounting. Second, while the underlying claims in this case are not complex, the case was complicated by RRFS' efforts to identify the proper party for the estate, and several counterclaims requiring a response from RRFS. Third, RRFS has worked on the instant matter for over a year. Throughout the course of this litigation, attorneys for RRFS have analyzed title documents, drafted pleadings, corresponded with opposing parties, held case conferences, appeared before the Court, and negotiated with opposing parties. Fourth, RRFS has successfully brought all interested parties together to determine who receives the excess proceeds from the foreclosure sale at issue.

Next, the Court examines the reasonableness of RRFS' fees and hourly rate. An attorney's fees award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012). Here, RRFS spent less than 50 hours working on this matter which has been active for more than a year. Thus, RRFS has spent a reasonable amount of time and is entitled to compensation. A reasonable hourly rate is the rate prevailing in the community for similar work. Gonzalez v. City of Maywood, 729 F.3d 1196, 1200 (9th Cir. 2013). The relevant community is the community in which the court sits. Schwarz v. Sec. of Health & Human Servs., 73 F.3d 895, 906 (9th Cir. 1995). For the work conducted on this matter, RRFS charged $400 per hour for a senior attorney and $300 per hour for a junior attorney. Furthermore, RRFS' fees are less than 10% of the excess proceeds.

Accordingly, the Court finds that fees are appropriate for the legal work done by RRFS' attorneys in this action.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Counter-Defendant HUD's Motion to Dismiss (ECF No. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that Counter Claimant Russo's Motion for Partial Summary Judgement (ECF No. 39) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Red Rock Financial Services' Motion for Attorney Fees (ECF No. 45) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant HUD's Motion for Summary Judgement (ECF No. 48) is **GRANTED**.

**IT IS FURTHER ORDERED** that HUD shall submit a filing by **April 25, 2025,** indicating the principal balance and interest as of the date of the foreclosure sale in this case. HUD must also submit by this same date a proposed order as to the distribution of the proceeds of the sale based upon this submitted figure, distribution according to Nevada law, and the award of attorney fees in this case.

**DATED:** March 31, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**